# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  **v.**                                                **Case No. 04-CR-122**

**RONALD A. ARTHUR**
        **Defendant.**

## ORDER

The government charged defendants Ronald and Mary Arthur with bankruptcy fraud and money laundering. Mr. Arthur was represented by Attorney Thomas Brown and Mrs. Arthur by Attorney Terry Mitchell. The case proceeded to trial before the court. On the third day of trial, Brown moved for a mistrial on the basis of Mitchell's performance. I denied the motion, finding that Mitchell was performing effectively. The parties did not again raise the issue of Mitchell's performance during the trial.[1] On November 7, 2005, I found Mr. Arthur guilty of twenty-three of the twenty-six counts in which he had been charged, and Mrs. Arthur guilty of nine of the eleven counts in which she was charged.

The matter was scheduled for sentencing on February 16, 2006. Sentencing was subsequently twice adjourned at Mrs. Arthur's request (without objection from Mr. Arthur) to allow her new lawyer (she replaced Mitchell after the trial) time to get up to speed and to allow additional time for completion of the pre-sentence reports. (R. 83, 86, 97, 100.) On May 12, 2006, the government filed a motion for forfeiture of property, and I again adjourned sentencing to accommodate defendants' requests for additional time to brief the motion. (R. 105, 106.)

---

[1] In fact, the issue did not arise again until nearly a year after the verdict.

I further granted the government's request for extra time to file a reply (R. 110), and defendants' request to file a sur-reply (R. 115, 116.)

On September 20, 2006, Brown moved to withdraw as counsel for Mr. Arthur, alleging that a conflict precluded further representation. Specifically, he stated that he had learned, based on his friendship with Mitchell, that Mitchell was under a disability. I held a hearing, then denied the motion on October 6, 2006, finding that Brown had no conflict. (R. 133.) On October 18, 2006, I granted in part the government's forfeiture motion (R. 134), then scheduled sentencing for December 19, 2006 (R. 135). To that point, Mr. Arthur had not requested new counsel. He took no position on Brown's motion to withdraw, stating that he was prejudiced no matter what the court did and asking that the charges be dismissed. He did not request that counsel be appointed. (R. 133 at 5.)

On November 17, 2006, Brown filed a motion asking that counsel be appointed for Mr. Arthur. I denied the motion on November 27, finding that there was no indication that communication between Brown and Mr. Arthur had broken down such that Brown could not adequately represent Mr. Arthur and reiterating that Brown had no conflict. I further denied the request as untimely and contrary to the interests of justice as it came just one month before sentencing, which I was unwilling to adjourn any further. (R. 138.)

On December 11, 2006, Brown wrote the court, indicating that Mr. Arthur no longer wanted Brown as his lawyer and intended to proceed pro se. Because I had previously denied his request to withdraw, Brown asked for direction from the court. I advised that Mr. Arthur had a right to represent himself, and that I would conduct a colloquy with Mr. Arthur on the issue at sentencing. I directed Brown to also appear at the sentencing hearing, indicated that no further adjournments of sentencing would be granted, and required that the defense be

prepared to proceed on that date. (R. 143.)

On December 14, 2006, Mr. Arthur filed a pro se motion for an adjournment of sentencing, a mistrial, and for payment of expert witness expenses.[2] For the reasons which follow, all of the requests are denied.

## I. MOTIONS FOR ADJOURNMENT AND MISTRIAL

Mr. Arthur's request for a mistrial and for an adjournment of sentencing are both based on the argument that he has been denied counsel of choice and/or effective assistance of counsel. He claims that he has thereby been forced to proceed pro se and cannot adequately prepare for sentencing.

Mr. Arthur is not being forced to proceed pro se. He has a conflict-free lawyer who is able to competently represent him. Instead, Mr. Arthur has apparently chosen to proceed pro se. Mr. Arthur's contention that he learned only on November 27, 2006, that he was being forced to proceed pro se is without basis. Brown remains available to represent him.[3] I find Mr. Arthur's claims as to his predicament to be disingenuous.[4]

In support of a claim that his Sixth Amendment rights are being violated, Mr. Arthur cites United States v. Gonzalez-Lopez, 126 S. Ct. 2557 (2006), which held that denial of "counsel of choice" is a structural error warranting automatic reversal. Gonzales-Lopez is inapposite. In the present case, I refused to allow counsel of choice <u>out</u>, rather than refusing to allow

---

[2]He also filed a one-page objection to the preliminary order of forfeiture. Nothing in that filing demonstrates that the order was erroneous.

[3]In his December 11, 2006 letter to the court, Brown stated that Mr. Arthur had directed him not to file objections to the PSR, despite Brown's belief that it was in Mr. Arthur's best interest that objections should be filed and that Brown represent Arthur at sentencing.

[4]To the extent that Mr. Arthur argues that Fed. R. Crim. P. 32 requires an adjournment, I note that he specifically waived the time limits in that Rule after the verdict was announced. (R. 78.)

counsel of choice in.[5] Nothing in that decision suggests that refusal to allow Brown to withdraw or to appoint new counsel was unconstitutional, or that Mr. Arthur's convictions must be vacated. Mr. Arthur has not been deprived of counsel of choice or been forced to proceed with a lawyer laboring under a conflict.[6] Mr. Arthur's citation of Glasser v. United States, 315 U.S. 60 (1942) is also off the mark. Unlike in that case, I did not force a lawyer to represent a second defendant after that defendant fired his own lawyer in the middle of trial. Mrs. Arthur continued with her own lawyer, and Mr. Arthur suffered no detriment.[7]

Moreover, Mr. Arthur mis-characterizes what happened at trial in renewing the request for a mistrial. First, Mitchell did not admit that "he was unprepared and incompetent." (Ronald Arthur's Pro-Sen. Mem. at 1.) In denying the motion for a mistrial on the third day of trial, I specifically found that Mitchell was performing competently, and Mr. Arthur provides no basis

---

[5] I cited Gonzales-Lopez in my Order denying Brown's motion to withdraw for the proposition that I had to exercise great care in disqualifying Brown – Mr. Arthur's then-counsel of choice. (R. 133 at 4.)

[6] In his memorandum, Mr. Arthur argues that I denied Mrs. Arthur's right to obtain substitute counsel of choice when I refused to declare a mistrial so she could replace Mitchell. It is not Mr. Arthur's place to make such arguments. Further, the Constitution does not require that a court declare a mistrial in order to allow a defendant to replace a competent, conflict-free lawyer. See United States v. Castro, 908 F.2d 85, 88-89 (6th Cir. 1990) (holding that a "defendant has no right to substitute counsel for the purpose of delaying or manipulating his trial," and that an "accused may substitute his counsel during trial only for good cause shown such as a conflict of interest, a complete breakdown in communications, or an irreconcilable conflict with his attorney"); see also United States v. Gonzalez, 800 F.2d 895, 898-99 (9th Cir. 1986) (affirming denial of motion to substitute counsel on second day of trial based on vague assertion of "conflict of interest").

[7] Mr. Arthur claims that the defendants decided that Brown would de facto represent both defendants, with Mitchell remaining as a figurehead, creating a conflict. The assertion is contrary to the representations made on the record and the facts of the trial. Mitchell acted when Mrs. Arthur's conduct came up; he conducted her direct examination; and made opening and closing arguments. He was not a mere figurehead. Again, my view, given the timing of the requests and my recollection of the trial, is that Mr. Arthur is attempting to gain an improper advantage based on the disclosure, months after trial, of Mitchell's alleged disability.

for revisiting that decision at this point.[8]

Second, I did not force the defendants to "choose amongst three unpalatable alternatives." (Id.) I found that Mitchell was not ineffective and could continue as Mrs. Arthur's lawyer. No one at the time suggested that defendants had been prejudiced. Nevertheless, I noted that Mrs. Arthur could also choose to proceed pro se or continue with Brown as her lawyer, but the bottom line was that I would not stop the trial. Given the strong presumption against mistrials, see, e.g., United States v. Anderson, 509 F.2d 312, 325-26 (D.C. Cir. 1974), this was not error. Neither defendant was denied "counsel of choice." To the contrary, defendants may not use counsel issues to delay the orderly progress of the case. United States v. Carrera, 259 F.3d 818, 824-25 (7th Cir. 2001).

I specifically find that Mr. Arthur is now using Mitchell's alleged disability to seek to overturn the verdict and/or further delay the proceeding. Mr. Arthur never complained about Brown's performance, sought another lawyer, or suggested that the situation with Mitchell had prejudiced him, until Brown filed the motion to withdraw disclosing what he had apparently learned about Mitchell. This was nearly one year after the trial. As the Seventh Circuit recently stated:

> While the Sixth Amendment guarantees that an accused has the right to counsel, and counsel free of charge if indigent, a defendant may not use this right to play a cat and mouse game with the court, or by ruse or stratagem fraudulently seek to have the trial judge placed in a position where, in moving along the business of the court, the judge appears to be arbitrarily depriving the defendant of counsel.

United States v. Murphy, No. 06-1309, 2006 U.S. App. LEXIS 30113, at *10 (7th Cir. Dec. 8, 2006) (internal quote marks omitted). I decline to adjourn sentencing or declare a mistrial.

---

[8]Defendants may later, if they wish, file motions under 28 U.S.C. § 2255 alleging ineffective assistance of counsel.

## II. REQUEST FOR EXPERT FUNDING

Mr. Arthur also requests funding for expert testimony, which he contends is necessary to challenge the PSR. However, he fails to explain how this is so. In his supporting affidavit, Mr. Arthur states that he needs an expert in the area of legal malpractice in bankruptcy law in order to show that it was his lawyers who were responsible for "any technical defects in his paperwork," and that he "could not have caused any injury by his conduct." (December 14, 2006 Ronald Arthur Aff. ¶ (A).) He further states that he needs an "expert in the area of economics of criminal business enterprises" to show that he earned no net profit and that the Barbara Doyle judgment against him was "the product of a criminal forgery conspiracy with William Keefe." (Id. ¶ (B).) The request is denied.

Sentencing is not the proper forum for such arguments. Mr. Arthur could have presented an "advice of counsel" defense at trial but did not.[9] Mr. Arthur did present expert testimony on the MPA's at trial, which I rejected. I also heard expert testimony on bankruptcy issues. I fail to see how expert testimony on whether "launderable" proceeds were generated would be useful at sentencing. Further, the Doyle judgment represents the final judgment of the Wisconsin courts, which I cannot vacate or ignore. Cf. Taylor v. Fannie Mae, 374 F.3d 529 (7th Cir. 2004).

Moreover, the request, made just a few days before sentencing, is untimely. For the reasons set forth above (and because the proposed testimony would not in any event be useful), I decline to adjourn the proceedings to allow for such testimony.

---

[9]In any event, these were not "technical defects" in his papers; they were repeated, material lies. Given that Mr. Arthur repeated his lies during creditor meetings under oath, I fail to see how his bankruptcy lawyer could possibly be at fault.

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that Mr. Arthur's pro se motion for mistrial, reconsideration of the previous denial of a mistrial, adjournment of sentencing, and payment of expert witness expenses (R. 144) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of December, 2006.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge