# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

  v.                **Case No. 04-CR-122**

**RONALD A. ARTHUR**
   **Defendant.**

## ORDER

On December 19, 2006, I sentenced defendant Ronald Arthur to 54 months in prison on bankruptcy fraud and money laundering charges. Defendant has filed a pro se notice of appeal and a motion to stay execution of his sentence pending appeal or, in the alternative, for an extension of his report date. He further moves for permission to appeal in forma pauperis ("IFP") and for appointment of counsel on appeal. I address the motions herein.

### I. RELEASE PENDING APPEAL

In order to obtain release pending appeal, defendant must first demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. He must also show that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b).

I find, based on defendant's background, lack of record, family ties, and

performance on bond during the pendency of the case that he is not likely to flee or pose a danger. However, defendant has not demonstrated any substantial appellate issue likely to result in reversal of his conviction, or the reduction or vacating of his sentence.

Under § 3143(b), the burden of showing the merit of the appeal is on the defendant. United States v. Bilanzich, 771 F.2d 292, 298 (7th Cir. 1985). First, he must show that his appeal raises an issue that is substantial – a close question or one that could very well be decided the other way. United States v. Eaken, 995 F.2d 740, 741 (7th Cir. 1993). While the court need not conclude that it should have ruled the other way or will probably be reversed, United States v. Thompson, 787 F.2d 1084, 1085 (7th Cir. 1986), it must find that the issue "is a toss-up or nearly so." United States v. Greenberg, 772 F.2d 340, 341 (7th Cir. 1985). Second, the defendant must show that the substantial issue(s) will affect the validity of his conviction(s). Bilanzich, 771 F.2d at 298. This means that "the district court must determine whether, assuming that the question is decided in the defendant's favor, the appellate court is more likely than not to reverse the conviction or order a new trial on all counts for which imprisonment has been imposed." Id.

In his motion, defendant mentions only one potential appellate issue – the alleged violation of his Sixth Amendment right to be represented by conflict free counsel of choice. (R. 162 at 1-2.) He argues that there is a strong likelihood that his appeal will succeed based on United States v. Gonzalez-Lopez, 126 S. Ct. 2557 (2006). I disagree. As I explained in an earlier order in this case, Gonzales-Lopez is inapposite. In Gonzales-Lopez, the Court held that denial of "counsel of choice" is a structural error warranting automatic reversal. In the present case, I did not refuse to allow defendant's counsel of choice to appear on his behalf. Rather, I refused to allow defendant's counsel to withdraw

2

based on an alleged conflict. Nothing in Gonzalez-Lopez suggests that refusal to allow counsel to withdraw or to appoint new counsel was, under the circumstances, improper.[1] (R. 152 at 3-4.) Defendant fails to demonstrate any substantial appellate issue in this regard.[2] Further, I am aware of no other appellate issues warranting continued release. Therefore, the motion must be denied.

Defendant also requests that his report date be extended for thirty to sixty days. At sentencing, I allowed voluntary surrender to the institution designated by the Bureau of Prisons, after January 1, 2007. The government not having objected, I will allow defendant to surrender to the institution designated on or after **January 19, 2007**. I will further recommend that the BOP designate defendant to FPC-Oxford.

## II. IFP ON APPEAL

In order to obtain IFP status on appeal, the applicant must be unable to pay the required fees, 28 U.S.C. § 1915(a)(1), and the district court must determine that the appeal is taken in good faith, § 1915(a)(3). Upon review of defendant's affidavit, the previous finding of indigence by pre-trial services, and the pre-sentence report, and all of the records and proceedings in this case, I find that these criteria are met. Therefore, the request will be granted.

## III. APPOINTMENT OF COUNSEL

Finally, defendant requests appointment of counsel on appeal. I will provide some

---

[1] The basis for my ruling on this issue is explained in further detail in my December 16, 2006 Order. (R. 152.)

[2] Defendant contends that staying his sentence would benefit his daughter, as her mother will also be serving a sentence. This is not a proper basis for granting release on bail pending appeal.

3

background on defendant's previous representation prior to addressing his request.

Defendant was represented by retained counsel, Thomas Brown, in this court. On September 20, 2006, Brown moved to withdraw, alleging that a conflict precluded further representation. I held a hearing, then denied the motion on October 6, 2006, finding that Brown had no conflict. (R. 133.) I then set the matter for sentencing on December 19, 2006. (R. 135.) To that point, defendant had not requested appointed counsel, and he took no position on Brown's motion to withdraw. (R. 133 at 5.)

On November 17, 2006, Brown filed a motion asking that counsel be appointed for defendant. I denied the motion on November 27, finding that there was no indication that communication between Brown and defendant had broken down such that Brown could not adequately represent defendant and reiterating that Brown had no conflict. I further denied the request as untimely and contrary to the interests of justice as it came just one month before sentencing, which I was unwilling to adjourn any further.[3] (R. 138.)

On December 11, 2006, Brown wrote the court, indicating that defendant no longer wanted Brown as his lawyer and intended to proceed pro se. Because I had previously denied his request to withdraw, Brown asked for direction from the court. I advised that defendant had a right to represent himself, and that I would conduct a colloquy with him on the issue at sentencing. I also directed Brown to appear at the sentencing hearing, indicated that no further adjournments of sentencing would be granted, and required that the defense be prepared to proceed on that date. (R. 143.) On December 14, 2006,

---

[3]I found defendant guilty after a court trial in November 2005. Thus, the matter had been pending for over a year, following requests to adjourn sentencing by both sides. See my December 16, 2006 Order for more detail on the procedural history of the case. (R. 152.)

4

defendant filed a pro se motion for an adjournment of sentencing, a mistrial, and for payment of expert witness expenses. (R. 144.) I denied his requests on December 16. (R. 152.) At the December 19 sentencing hearing, I conducted a colloquy with defendant and found that he had knowingly, voluntarily and intelligently waived his right to counsel. I thus discharged Brown and allowed defendant to proceed pro se. Brown agreed to remain in court as stand-by counsel, to which defendant agreed. (R. 156 at 2.)

Seventh Circuit Rule 51(a) provides that trial counsel in a criminal case, whether retained or appointed by the district court, is responsible for the continued representation of the client desiring to appeal unless specifically relieved by the court. The Rule further provides that if the district court grants the defendant permission to appeal IFP, the court of appeals will appoint trial counsel as appellate counsel unless the district court informs the court of appeals that new counsel should be appointed.

Based on Brown's withdrawal on the day of sentencing, I hereby advise the court of appeals pursuant to Circuit Rule 51(a) that new counsel should be appointed for defendant. The clerk is directed to transmit this order to the court of appeals.

### IV.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion for bail pending appeal (R. 162) is **DENIED**. Defendant's request for an extension of his report date is **GRANTED**, as stated herein.

**IT IS FURTHER ORDERED** that defendant's request for permission to appeal IFP (R. 164) is **GRANTED**.

**FINALLY, IT IS ORDERED** that defendant's request for appointment of counsel (R.

5

165) be transmitted to the court of appeals with my recommendation that new counsel be appointed pursuant to Circuit Rule 51(a).

Dated at Milwaukee, Wisconsin, this 8th day of January, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge